## Grainger & Company v. Jeffries.

(Decided May 22, 1917.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, Second Division).

Negligence—Failure to Give Notice of Danger.—A contractor, who was tearing down a building by the side of which there was a passageway in general use by employes of a party other than the contractor, was under a duty to warn such employes using the way when material would be thrown from the top of the building into the passageway.

FRED FORCHT for appellant.

CHESLEY H. SEARCY for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

The appellee, Jeffries, was an employe of the Louisville Varnish Company, at whose plant a fire had occurred that destroyed the roof of a building on its premises, the eaves of which were about 12 or 15 feet above the level of the ground. The heat from the fire had bent the iron rafters on this building and Grainger & Company were employed by the varnish company to take out these rafters and replace them. In taking down the rafters the employes of Grainger & Company would carry them to the edge of the roof and drop them to the ground. In dropping one of these irons it rebounded after striking the ground and struck Jeffries, inflicting severe injuries. To recover damages for the injuries so sustained he brought suit and there was a verdict and judgment in his favor.

By the side of this building there was a passageway used by the employes of the varnish company in going, in the course of their duties, through and about the premises, and for their protection against injury from materials thrown from the roof by the employes of Grainger & Company, this company had stationed one of its men named Cross in this passageway, so that he might give warning to the employes of the varnish company when there was danger of one of them being struck by materials thrown from the roof of the building by the employes of Grainger & Company.

Jeffries on the day he was injured had been through this passageway two or three times before the accident,

and on each of these occasions had waited for a signal from Cross, indicating that the way was safe, before he ventured into it, but on the occasion he was injured Cross was not at the place where he was accustomed to be for the purpose of giving warning, but was standing some distance from the building with his back to it, talking to another man, and when Jeffries saw him in this position he assumed that the place was safe and started to walk through without a signal from Cross, but had only gone about 12 or 15 feet when he was struck by the rafter thrown from the roof.

There was also some evidence tending to show that there was another way and a safe one that Jeffries could have taken on the occasion of his injury in going to the place his business required him to go, but the evidence upon this point was to the effect that the other way, while safe from falling objects, was neither convenient nor accessible, and for that reason was not used.

In the instructions, of which no complaint is made, the court told the jury that it was the duty of Grainger & Company to exercise ordinary care to give persons walking through this passageway reasonably sufficient notice or warning before throwing iron from the top of the building, and if they believed from the evidence that they negligently failed to give this notice or warning, and Jeffries was injured thereby, they should find for him. They were further told that if they believed it was dangerous for Jeffries to go along the passageway, and there was a safe way other than this passageway that he might have used in attending to his duties, and he negligently failed to take the safe way, he could not recover. They were also told that it was his duty to give attention to any warning or notice that material was about to be thrown from the top of the building, and that if he negligently failed to exercise care for his own safety and his negligence so contributed to or caused his injury as that except for his negligence he would not have been injured, they should find for Grainger & Company.

These instructions submitted fairly to the jury the only issues in the case, and on the evidence the jury found that Jeffries was exercising ordinary care for his own safety, and that Grainger & Company were negligent in the performance of the duty they were under to give him warning of the danger.

Counsel for Grainger & Company insist that the jury should have been directed to find a verdict for the com-

pany on the ground that Jeffries was guilty of such contributory negligence as to defeat a recovery. But we do not think so. On the evidence it was a case for the jury. Jeffries knew that the men on the roof were pitching things to the ground in this passageway, but he could not see the men on the roof from the passageway at the place where he was walking when injured, which was the place used by the employes of the varnish company. He also knew that Grainger & Company had a man stationed in the passageway at a point where he could see what the men on the roof were doing, and could give warning to passers-by when they were about to throw objects to the ground, and it was the duty of this man to keep his eye on his business. That was what he was there for, and when Jeffries saw him standing with his back to him engaged in conversation with another man, and not in a position to observe what the men on the roof were doing, or to signal passers-by, he was not guilty of such negligence as would defeat a recovery, because he assumed that the way was safe.

The judgment is affirmed.